IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C. A. No. 21-1365 (GBW) |
| CISCO SYSTEMS, INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C. A. No. 22-674 (GBW) |

**LETTER TO THE HONORABLE GREGORY B. WILLIAMS FROM
CISCO SYSTEMS, INC. AND ACACIA COMMUNICATIONS, INC. IN CONNECTION
WITH THE COURT'S OCTOBER 18, 2022 ORAL ORDER**

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Sajid Saleem
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3939
(404) 253-6900

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Cisco Systems, Inc. and Acacia Communications, Inc.*

Joseph A. Powers
Alex Goranin
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
(215) 979-1000

Holly Engelmann
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX  75201
(214) 257-7226

October 26, 2022

Dear Judge Williams:

I write on behalf of declaratory-judgment plaintiffs and counterclaim defendants Cisco Systems, Inc. and Acacia Communications, Inc. ("DJ Plaintiffs") to address the questions in the Court's October 18, 2022 Oral Order and to respond to Ramot's October 24, 2022 letter. (D.I. 45).[1] Ramot's letter does not present a complete picture of the relevant law and circumstances. When all factors are considered, this district's case law directs that the Court should not disturb the DJ Plaintiffs' choice of venue in this District—the first-filed forum.

### A. Topics 1 and 2: Concerning Ramot's Counterclaims Against Acacia

DJ Plaintiffs agree with Ramot that the first and second topics concerning the potential transfer of Ramot's counterclaims against Acacia to the Eastern District of Texas ("ED Texas"), and the propriety of venue there, are "intertwined." *See* D.I. 45 at 1. Nonetheless, Ramot skews the analysis by jumping past the questions' focus on Ramot's "counterclaims."

The threshold issue is whether Ramot's counterclaims against Acacia—<u>standing alone</u>— can properly be heard in the Texas venue.[2] The answer is no. Venue would not be proper under 28 U.S.C. § 1400(b), as interpreted in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518-19 (2017). Under *TC Heartland,* venue against a domestic corporation like Acacia is satisfied only through one of two branches. The first is where the corporation "resides," meaning its "State of incorporation." *Id.* at 1520. Ramot's counterclaims concede (as they must) that Acacia is incorporated in <u>Delaware</u>, not Texas. *See* D.I. 8 at ¶ 86. Venue can also be maintained where the corporation "has a regular and established place of business" and "has committed acts of infringement." *TC Heartland*, 137 S. Ct. at 1518-19 (quoting § 1400(b)). Acacia has no "regular and established place of business" in ED Texas, and Ramot's letter does not suggest otherwise. Ramot's past litigation conduct is informative: Ramot has never sued Acacia in Texas. The one time Ramot did sue Acacia, it did so in Delaware. *See Ramot at Tel Aviv Univ. Ltd. v. Acacia Comm'ns, Inc.*, C.A. No. 21-295 (D. Del.).

Ramot's letter instead focuses on whether ED Texas can hear Ramot's counterclaims against Acacia as part of a broader transfer of DJ Plaintiffs' DJ actions <u>in their entirety</u> to that venue. Ramot correctly notes that the limited case law interpreting § 1400(b) does not prohibit such a transfer when patent counterclaims ride along with a DJ claim upon transfer of the entire action to another venue. But even that is true *only if* the DJ plaintiff continues to press its DJ claim in the new venue, so that the counterclaims do not stand alone. In an analogous context—a defect in personal jurisdiction in the transferee forum—one court has explained that "[c]ertainly had [the DJ] plaintiffs dismissed the action subsequent to its transfer, the court would not have personal jurisdiction to adjudicate the counterclaim independently." *Grupke v. Linda Lori Sportswear Inc.*, 174 F.R.D. 15, 18 (E.D.N.Y. 1997); *see also PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 & n.10 (5th Cir. 2001) (distinguishing *Grupke* as "a case in which a party has litigated extensively on the merits before making any jurisdictional objections" in the

---

[1] Unless otherwise noted, all docket citations are to C.A. No. 21-1365.

[2] Rule 21 provides the Court with discretion to sever "Ramot's counterclaims of patent infringement as to Defendant Acacia Communications, Inc.," as referenced in the Court's Oral Order. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

"transferee court"); *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 2011 WL 13262163, at *3 (S.D.N.Y. May 4, 2011) (explaining *Grupke* as a case where the plaintiffs "pursued their claims in the [transferee] district, and amended their complaint to add new defendants after transfer into the district.").

More broadly, Ramot is putting the cart before the horse. Ramot implies that the posture here—the filing of compulsory counterclaims for infringement in response to a DJ action—renders venue for Ramot's infringement allegations appropriate in *any* district in the United States. *See* D.I. 45 at 2 ("Section 1400(b) does not limit counterclaim venue."). That would flip the very purpose of a §1404(a) transfer—which is designed to transfer only to a clearly more convenient forum—on its head, authorizing transfers to a forum that is so inconvenient that the counterclaim defendant could not have been sued for patent infringement there in the first place. As cases like *Grupke* illustrate, Ramot's pleading of an infringement counterclaim does not require Acacia to litigate alleged infringement in inconvenient fora like ED Texas, where Acacia is not incorporated and has no regular place of business. Instead, the most convenient forum for adjudicating Acacia's (and Cisco's) alleged infringement is this District—the venue where Acacia and Cisco first brought this dispute and where they are incorporated—for the reasons stated in prior briefing (*see* D.I. 28). That is true regardless of the venue questions raised by the Court. The 1973 *Scovill* case from this District cited in Ramot's letter supports this point: After concluding that § 1400(b) did not control venue in a DJ case, the court nonetheless declined to transfer under § 1404 to another forum—because doing so would disserve a core rationale of the Declaratory Judgment Act, to permit a DJ plaintiff to remove the cloud of infringement in the venue of its choice. *Scovill Mfg. Co. v. Sunbeam Corp.*, 357 F. Supp. 943, 946 (D. Del. 1973) ("Rather than remain in a state of uncertainty and insecurity while Sunbeam decided whether and when to bring suit, Scovill brought the instant action for declaratory relief. It was for this very type of situation that the Declaratory Judgment Act was passed.").

### B. Topic 3: Concerning IPR-Related Stay of C.A. No. 21-1365

The third question is "whether the parties have reached agreement as to a potential stay of their 2021 case," *i.e.* C.A. No. 21-1365. The answer is no, and as DJ Plaintiffs previously indicated (*see* D.I. 39), they plan to file a motion to stay. Ramot's attempt to pre-litigate that motion should be rejected. As a factual matter, both venues have approached this issue the same, as ED Texas was the first court to stay a case involving Ramot's patents on January 13, 2021 (D.I. 29-1), and then this Court followed course and stayed the case that Ramot filed six weeks after the East Texas Court issued its stay Order (*see Ramot at Tel Aviv Univ. Ltd. v. Acacia Comm'ns, Inc.*, C.A. No. 21-295, D.I. 23 (D. Del. Sept. 3, 2021)). As a legal matter, decisions in this district confirm that the filing of a DJ action does not change the rationale for staying the case for a later-instituted IPR. *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2020 WL 419448 at *7 (D. Del. Jan. 27, 2020) ("there is no reason [DJ plaintiff] should be barred from obtaining the benefits of *inter partes* review and seeking to have the district court litigation stayed pending the disposition of the IPR proceedings" and a DJ plaintiff's "position is thus not materially different from that of an accused infringer that is a defendant in an infringement action and that petitions for IPR to test the validity of the patents asserted against it.").

DJ Plaintiffs look forward to discussing these issues with the Court at the November 2, 2022 hearing. Counsel is available should the Court have any additional questions.

                            Respectfully,

                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                            */s/ Jennifer Ying*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Sajid Saleem
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3939
(404) 253-6900

Joseph A. Powers
Alex Goranin
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
(215) 979-1000

Holly Engelmann
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX  75201
(214) 257-7226

October 26, 2022

                            Jack B. Blumenfeld (#1014)
                            Jennifer Ying (#5550)
                            1201 North Market Street
                            P.O. Box 1347
                            Wilmington, DE 19899
                            (302) 658-9200
                            jblumenfeld@morrisnichols.com
                            jying@morrisnichols.com

*Attorneys for Cisco Systems, Inc. and Acacia Communications, Inc.*

Respectfully,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Cisco Systems, Inc. and Acacia Communications, Inc.*

OF COUNSEL:

L. Norwood Jameson
Matthew C. Gaudet
Sajid Saleem
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, GA  30309-3939
(404) 253-6900

Joseph A. Powers
Alex Goranin
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA  19103-4196
(215) 979-1000

Holly Engelmann
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX  75201
(214) 257-7226

October 26, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 26, 2022, upon the following in the manner indicated:

| | |
|---|---|
| John G. Day, Esquire<br>Andrew C. Mayo, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>*Attorneys for Defendant Ramot at Tel Aviv University Ltd.* | *VIA ELECTRONIC MAIL* |
| Denise De Mory, Esquire<br>Corey Johanningmeier, Esquire<br>BUNSOE DE MORY LLP<br>701 El Camino Real<br>Redwood City, CA 94063<br>*Attorneys for Defendant Ramot at Tel Aviv University Ltd.* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)