IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C.A. No. 21-1365-GBW |
| CISCO SYSTEMS INC. and ACACIA COMMUNICATIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RAMOT AT TEL AVIV UNIVERSITY LTD., <br><br> Defendant. | C.A. No. 22-674-GBW (consolidated) |

### MEMORANDUM ORDER

Plaintiffs Cisco Systems Inc. and Acacia Communications, Inc. (collectively, "Cisco") have brought declaratory judgment actions against patentee Ramot at Tel Aviv University ("Ramot").[1] Pending before the Court is (1) Plaintiffs Cisco Systems, Inc. and Acacia

---

[1] The Court writes for the benefit of the parties and assumes familiarity with the case.

Communications, Inc.'s Motion to Strike (D.I. 153), which has been fully briefed (D.I. 154; D.I. 168).[2] For the following reasons, the Court denies Cisco's motion.[3]

## I.   LEGAL STANDARDS

"Federal Rule of Civil Procedure 37(c)(1) provides that '[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *TQ Delta, LLC v. 2Wire, Inc.*, No. CV 13-1835-RGA, 2019 WL 1863269, at *1 (D. Del. Apr. 25, 2019) (alterations in original). "In [*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977)], [the Third Circuit] identified five factors to consider when determining whether . . . [to] preclud[e] evidence as a discovery sanction: (1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence." *LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).[4]

---

[2] While the Operative Scheduling Order sets default page limits for motions to strike, D.I. 103 ¶ 6, the parties were both instructed to submit letter briefs not exceeding three pages, *see* D.I. 147. Cisco complied with that instruction. *See* D.I. 154 at 1-3. Ramot did not. *See* D.I. 168 at 1-5. Accordingly, the Court will exercise its discretion and give no weight to the text beyond page three of Ramot's brief. *See Pharmacy Corp. of Am./Askari Consol. Litig.*, No. CV 16-1123-RGA, 2021 WL 4033238, at *1 (D. Del. Sept. 3, 2021); *Cephas v. Scarborough*, No. CV 18-851-RGA, 2022 WL 606328, at *3 (D. Del. Feb. 8, 2022).

[3] Unless otherwise noted, all D.I. cites are to the 21-cv-1365 action.

[4] This Court has considered the *Pennypack* factors when ruling on motions to strike. *See, e.g., BearBox LLC v. Lancium LLC*, No. CV 21-534-GBW, 2022 WL 17403466, at *1 (D. Del. Nov. 23, 2022); *Cognipower LLC v. Fantasia Trading, LLC*, No. CV 19-2293-JLH-SRF, 2024 WL 4651276, at *5 (D. Del. Oct. 23, 2024); *Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, No. CV 14-1268-RGA-SRF, 2018 WL 3369215, at *2 (D. Del. June 28, 2018). Though it need

"In addition to the[] [*Pennypack*] factors, we consider the importance of the excluded testimony[,] ... [for] the exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'" *McCann v. Miller*, 502 F. App'x 163, 172 (3d Cir. 2012) (some alterations in original) (quoting *Pennypack*, 559 F.2d at 904-05). Though "[t]he importance of the evidence is often the most significant factor," 47 F.4th at 189, "[w]hen a case involves complex litigation between sophisticated parties, courts are more willing, given a strong showing of prejudice, to exclude evidence even absent a showing under each *Pennypack* factor." *Acceleration Bay LLC v. Activision Blizzard Inc.*, No. CV 16-453-RGA, 2019 WL 4194060, at *7 (D. Del. Sept. 4, 2019).

## II.    DISCUSSION

### A.    Cisco's Motion is Denied

The parties dispute whether Ramot was untimely in specifically identifying the accused products and, if so, what consequences Ramot should face. Under the Operative Scheduling Order (D.I. 103), by default, Ramot had the initial burden to identify accused products. *See* D.I. 103 ¶ 3.[5] Specifically, "Ramot['s] [deadline] to provide final infringement contentions and final identification of accused products . . . [was] 14 days after issuance of [the] Claim Construction Order." D.I. 131 at 2.[6]

Ramot served Cisco with various documents related to Ramot's infringement allegations. *See* D.I. 26 (Ramot's September 9, 2022 "Disclosure of Asserted Patents, Accused Products, and

---

not always do so. *See Vrakas v. United States Steel Corp.*, No. CV 17-579, 2019 WL 7372041, at *13 n.23 (W.D. Pa. Dec. 31, 2019).

[5] The same is true under this Court's default rules. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, No. CV 17-14-JFB-SRF, 2019 WL 366223, at *4 (D. Del. Jan. 30, 2019).

[6] The Court's claim construction order is dated November 12, 2024. *See* D.I. 134.

3

Damages Model Pursuant to Scheduling Order"); D.I. 136 (Ramot's November 26, 2024 "Disclosure of Final Infringement Contentions Pursuant to Scheduling Order"); ECF No. 154-1 at PageID 3207-3221 (Exhibit A of Ramot's "Final Infring[e]ment Contentions: Accused Products").[7]

Cisco requests that the Court strike fifteen products from Ramot's Final Infringement Contentions. *See* D.I. 154 at 1; *see also* ECF No. 153 at PageID 3410-3411. According to Cisco, those fifteen products are untimely and are "newly-identified products in Ramot's November 26, 2024 Final Infringement Contentions, served less than three weeks before the close of fact discovery." D.I. 154 at 1. Cisco also contends that each *Pennypack* factor weighs in its favor. *See* D.I. 154 at 3. Thus, Cisco contends that those "new products should be struck under the [parties'] stipulated agreement, Rule 37, and *Pennypack*." D.I. 154 at 1. Ramot disagrees.

Ramot responds that it was Cisco, not Ramot, that was untimely in making disclosures. *See* D.I. 168 at 1. Ramot also responds that Cisco had sufficient notice about the products at issue. *See* D.I. 168 at 1-3. As to five "sets of the accused products at issue," D.I. 168 at 3, Ramot also contends that *Pennypack* factors 1 and 4 weigh in its favor. *See* D.I. 168 at 3. Ramot's contentions on *Pennypack* factors 2, 3, and 5 are beyond page three of its brief (D.I 168 at 4-5) and, as discussed above, are given no weight. *See supra* note 2 (discussing Ramot's noncompliance with the page limits set in D.I. 147).

As "[t]he proponent of [the] motion to strike[, Cisco] carries the burden." *Lindis Biotech v. Amgen Inc.*, No. CV 22-35-GBW, 2024 WL 4892543, at *2 (D. Del. Nov. 26, 2024); *see TQ Delta LLC v. Comcast Cable Commc'ns LLC*, No. CV 15-611-GBW, D.I. 718 at 6-7 (D. Del.

---

[7] Ramot's brief, however, contends that its final contentions were provided on November 11, 2024. *See* D.I. 168 at 2.

Nov. 19, 2024); *Brit. Telecommunications PLC v. IAC/Interactivecorp, Match Grp., Inc.*, No. CV 18-366-WCB, 2020 WL 13749385, at *5 (D. Del. July 15, 2020). As discussed below, the Court finds that Cisco has not carried its burden.

First, considering Cisco's burden of proof, the Court finds that Ramot did not violate a stipulation between the parties "that no new discovery could be served after the original 2023 fact discovery deadline." D.I. 154 at 1. Even assuming *arguendo* that the parties agreed not to serve "new discovery requests," D.I. 154 at 1 (capitalization and emphasis removed), the Court is not convinced that Ramot providing a supplemental discovery *response* could violate a stipulation concerning new discovery *requests*.

Second, considering Cisco's burden of proof, the Court finds that Ramot was not per se "forbid[den] [from] amending contentions to add new products at the end of fact discovery." D.I. 154 at 2. For example, the Court is not convinced by Cisco's reliance on *Cognipower LLC v. Fantasia Trading, LLC*, No. CV 19-2293-JLH-SRF, 2024 WL 4651276, at *1 (D. Del. Oct. 23, 2024). *See* D.I. 154 at 2. "Under the original scheduling order in [the *Cognipower*'s] case, infringement contentions were due in August of 2020." 2024 WL 4651276, at *1. Subsequently, the *Cognipower* "court entered a new scheduling order setting a fact discovery cutoff of August 20, 2024," without "includ[ing] revised deadlines for amended pleadings or infringement and invalidity contentions." 2024 WL 4651276, at *1. Thereafter, *Cognipower* "sought leave to amend [its] contentions . . . on September 11, 2024." 2024 WL 4651276, at *2. Accordingly, because "the scheduling order deadline for contentions ha[d] passed," the *Cognipower* court evaluated the motion to amend under a "good cause" standard. 2024 WL 4651276, at *1. The Court, however, is not convinced that *Cognipower* governs, given that Ramot "provide[d] [its] final infringement contentions and final identification of accused

products . . . [within] 14 days after issuance of [the] Claim Construction Order." D.I. 131 at 2; see *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, No. CV 17-1734-RGA, 2021 WL 982731, at *3 (D. Del. Mar. 16, 2021).

Cisco also fails to persuade the Court that *Enzo Life Scis., Inc. v. Roche Molecular Sys., Inc.*, No. CV 12-106, D.I. 190 (D. Del. Jan. 8, 2015) is applicable. Cisco gives no explanation on why its pending motion is analogous to *Roche*'s successful motion to strike. *See* D.I. 154 at 2. Nor is it readily apparent to the Court why *Roche*'s motion to strike was granted, as the *Roche* Court's reasoning is not provided in the order that Cisco cited. *See* No. CV 12-106, D.I. 190 at 1 ("[F]or the reasons set forth by the Court during the December 18 conference . . . .").

Having considered Cisco's contentions, the Court finds that Cisco has not carried its burden to show that Ramot's identification of new products was untimely. Thus, Cisco's Motion to Strike (D.I. 153) is denied, without the Court needing to consider the *Pennypack* factors. *See, e.g.*, 2024 WL 4892543, at *1-3; 2021 WL 982731, at *3; *St. Clair Intell. Prop. Consultants, Inc. v. Toshiba Corp.*, No. CV 09-354-KAJ, 2016 WL 1464544, at *2 (D. Del. Apr. 13, 2016).

### III. CONCLUSION

For the foregoing reasons, the Court denies Cisco's motion.

WHEREFORE, at Wilmington this 15th day of January 2025, **IT IS HEREBY ORDERED** that Cisco's Motion to Strike (D.I. 153) is **DENIED**.

\* \* \*

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE